UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK HOLDER,

      Plaintiff,

CASE NO.:

vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and TAMPA
ELECTRIC COMPANY,

      Defendants.
_____/

## COMPLAINT

### STATEMENT OF THE CASE

1.    This is an action for damages, equitable relief and attorney's fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132 (a)(1)(b).

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 1132 (e).

3.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (b), because the breach of the employee benefits contract between Plaintiff and Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, occurred within this district, and because a substantial part of the events and omissions giving rise to Plaintiff's claim against Defendant, TAMPA ELECTRIC COMPANY, occurred within this district.

## PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto Plaintiff, FRANK HOLDER, was an "employee" of TAMPA ELECTRIC COMPANY, his "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. At all times relevant hereto Plaintiff was a "participant" in and "beneficiary" of a long-term disability insurance plan (hereinafter "LTD PLAN"), as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and his insurance premium required for coverage under the LTD PLAN has been fully paid or otherwise satisfied.

6. The LTD PLAN is a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

7. At all times relevant hereto Plaintiff's employer, TAMPA ELECTRIC COMPANY, was the "plan sponsor" and "administrator" as those terms are defined by 29 U.S.C. § 1002(16)(A)and(B).

8. At all times relevant hereto Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, was the claim "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

9. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

10. At all times relevant hereto Plaintiff was and is "disabled" as that term is defined in the LTD PLAN.

11. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed and has exhausted his administrative remedies prior to filing this action.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

12. Plaintiff realleges and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference herein as if specifically restated.

13. Defendant, LIBERTY LIFE ASSURANCCE COMPANY OF BOSTON, has failed and refused to pay plaintiff sums due pursuant to the terms of the LTD PLAN.

14. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, for benefits due under the LTD PLAN, together with costs of litigation and attorney's fees.

## COUNT TWO
### Action to Clarify to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)
### Against Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

15. Plaintiff reallages and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference herein as if specifically restated.

16. Plaintiff is entitled to benefits under the LTD PLAN.

17. Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, has denied that Plaintiff is entitled to benefits under the LTD PLAN.

18.     Plaintiff is entitled to clarification of his right to reinstatement under the LTD PLAN and his right to future benefits under the LTD PLAN.

20.     Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his right to reinstatement under the LTD PLAN and to future benefits under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award his attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

### COUNT THREE
### Action to Obtain Requested Information and for Statutory Penalty and Other Appropriate Relief Pursuant to 29 U.S.C. §1132(c) against Defendant, TAMPA ELECTRIC COMPANY

21.     Plaintiff realleges and reavers paragraphs 1 through 11 of the Complaint, incorporating them by reference as if specifically restated herein.

22.     On October 12, 2010 and January 27, 2011, Plaintiff requested from Defendant, TAMPA ELECTRIC COMPANY, copies of all plan documents, including insurance contracts, and copies of all documents filed by the plan with the U.S. Department of Labor, including detailed annual reports, plan descriptions and summary plan descriptions for the LTD PLAN.  A copy of the Plaintiff's written requests and the signed United States Postal Service return receipts for the requests are attached hereto as Composite Exhibit A.

23.     As the plan administrator, Defendant, TAMPA ELECTRIC COMPANY, was required to provide Plaintiff with these documents pursuant to 29 U.S.C. § 1024(b)(4).

24.     Defendant, TAMPA ELECTRIC COMPANY, failed to respond to any of Plaintiff's requests and did not provide the requested information.

25. Pursuant to 29 U.S.C. § 1132(c), Plaintiff is entitled to recover statutory penalties for Defendant, TAMPA ELECTRIC COMPANY, for its failure to provide the requested plan documents.

26. Plaintiff is entitled to recover attorney's fees as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff demands Defendant, TAMPA ELECTRIC COMPANY, provide the requested information as required by 29 U.S.C. § 1132(c), requests that judgment be entered in Plaintiff's favor in an amount equal to the statutory penalties authorized by 29 U.S.C. § 1132(c), and requests that his attorneys' fees and costs be awarded pursuant to 29 U.S.C. § 1132(g).

      <u>s/Paul S. Kimsey</u>
      PAUL S. KIMSEY
      Florida Bar No.: 0988472
      Attorney for Plaintiff
      KIMSEY & DEBARI, P.A.
      3816 W. Linebaugh Ave., Suite 412
      Tampa, FL 33618
      Telephone: (813) 549-1001
      Facsimile: (813) 265-1752
      E-mail: pkimsey@kimseylaw.com